IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:10-CV-61433-UNGARO/SIMONTON

**MOHAMED NOROOZKHAN,**

   **Plaintiff,**

**-v-**

**GLOBAL CREDIT & COLLECTION CORPORATION,**

   **Defendant.**
_____/

## ANSWER AND DEFENSES

COMES NOW defendant, Global Credit & Collection Corporation ("Defendant"), by and through its undersigned counsel, and for its answer to the Complaint of plaintiff Mohamed Noroozkhan ("Plaintiff"), states as follows:

1. Defendant admits that Plaintiff's Complaint purports to be for violations of the Fair Debt Collection Practices Act. Defendant denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint, including that it violated any law, and demands strict proof thereof.

## JURISDICTION

2. Defendant admits that this Court presently has jurisdiction over this action.

3. Defendant admits that Plaintiff's Complaint purports to be for alleged violations of the Fair Debt Collection Practices Act. Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint, including that it violated any law, and demands strict proof thereof.

4. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

## **PARTIES**

5. Paragraph 5 of Plaintiff's Complaint contains a legal conclusion to which no response is required from Defendant. To the extent a response is required from Defendant, Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

6. Defendant admits that it is a foreign corporation that at times may be deemed a "debt collector" as defined by the FDCPA. However, Defendant is without sufficient knowledge or information to admit or deny whether it was a "debt collector" with respect to Plaintiff, and therefore denies the same and demands strict proof thereof.

7. Defendant admits that it regularly uses the mail and telephone in conducting its business. Defendant denies the remaining allegations in Paragraph 7 of Plaintiff's Complaint and demands strict proof thereof.

8. Defendant admits that at times it collects or attempts to collect debts for other parties. Defendant denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

9. Defendant admits that at times it may be deemed a "debt collector" as defined by the FDCPA. However, Defendant is without sufficient knowledge or information to admit or deny whether it was a "debt collector" with respect to Plaintiff, and therefore denies the same and demands strict proof thereof.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

## FACTUAL ALLEGATIONS

11. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

12. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

13. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

## COLLECTION CALL

14. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

## SUMMARY

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

## TRIAL BY JURY

19. The allegations in Paragraph 19 of Plaintiff's Complaint do not require a response from Defendant. To the extent a response is required, Defendant admits

that Plaintiff has demanded a trial by jury and denies all remaining allegations contained in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant incorporates by reference all of the above responses in this Answer as though fully stated herein.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint, and specifically denies that Plaintiff is entitled to any judgment, statutory damages, costs, attorneys' fees or other relief whatsoever, and demands strict proof thereof.

## COUNT II
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

Defendant denies the averments of the unnumbered paragraph following Paragraph 23 of Plaintiff's Complaint beginning with "WHEREFORE," and Defendant demands strict proof thereof. Defendant specifically denies that

Plaintiff is entitled to any judgment, damages, costs attorneys' fees or other relief whatsoever and demands strict proof thereof.

## COUNT III
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

24.     Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

Defendant denies the averments of the unnumbered paragraph following Paragraph 24 of Plaintiff's Complaint beginning with "WHEREFORE," and Defendant demands strict proof thereof.  Defendant specifically denies that Plaintiff is entitled to any judgment, damages, costs attorneys' fees or other relief whatsoever and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims against Defendant are subject to arbitration.

### SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims must fail to the extent that Plaintiff has failed to mitigate damages, if any.

### FOURTH DEFENSE

The claims asserted by Plaintiff against Defendant are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release.  Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

### FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SIXTH DEFENSE

Venue is improper.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel and/or unclean hands.

### EIGHTH DEFENSE

Defendant is not liable because it has acted in good faith in conformity with applicable rules, regulations, and statutory interpretations.

### NINTH DEFENSE

If Plaintiff has suffered any damages, the damages were caused, in whole or in part, by intervening or superseding causes or the acts or omissions of third

parties for whom Defendant should not be held responsible.

### TENTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Defendant.

### ELEVENTH DEFENSE

Any violation of the law, which Defendant denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### TWELFTH DEFENSE

Plaintiff lacks standing.

Defendant reserves the right to assert additional defenses as discovery progresses in this case.  To the extent that any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

s/ R. Frank Springfield
R. Frank Springfield (FL Bar No. 0010871)
BURR & FORMAN LLP
450 S. Orange Avenue, Suite 200
Orlando, Florida 32801
Telephone:  (407) 540-6655
Facsimile: (407) 461-9268
fspringf@burr.com

>Christopher S. Linde (FL Bar No. 0026396)
>BURR & FORMAN LLP
>450 S. Orange Avenue, Suite 200
>Orlando, Florida 32801
>Telephone:  (407) 244-0888
>Facsimile: (407) 244-0889
>clinde@burr.com
>
>Attorneys for Defendant
>GLOBAL CREDIT & COLLECTION CORP.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 15th day of September, 2010:

>Andrew I. Glenn
>J. Dennis Card, Jr.
>Card & Glenn, P.A.
>2501 Hollywood Boulevard, Suite 100
>Hollywood, FL  33020
>(954) 921-9994

>s/ R. Frank Springfield
>OF COUNSEL